IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Eran Rubinstein : | |
| Susan Boltz Rubinstein : | |
| Plaintiffs : | Case No.: 09-cv-6065 |
| v. : | |
| McNaul Ebel Nawrot & Helgren PLLC : | |
| Hagens Berman Sobol Shapiro LLP : | |
| Defendants : | |

**MOTION TO VACATE AND CORRECT PATENT MISSTATEMENTS OF FACT CONTAINED IN THIS COURT'S MAY 16, 2011 TRANSFER ORDER**

**I      Introduction**

On May 16, 2011 this court – the Honorable Eduardo Robreno – entered an order transferring this case to the Western District of Washington to be "consolidated" with an action "ripe for entry of default judgment." (Docket 60, Exhibit A hereto; Docket 41, page 6, footnote 6; Exhibit B hereto).

In the May 16, 2011 transfer order Judge Robreno stated:

> The Court placed *this* case in suspense pending a jurisdictional determination by the Western District of Washington. (*Oct. 6, 2009* Order, Doc. No. 19.) . The Washington Court has since determined that jurisdiction over the parties' dispute is proper in Washington. Hagens Berman Sobol Shapiro LLP v. Rubinstein, Civ. No. 09-0894, 2009 U.S. Dist. LEXIS 104619 (W.D. Wash. *Oct. 22. 2009*).

(Docket 60, Exhibit A hereto) [emphasis added].

And Judge Robreno went on to say:

> Here, the *parties and witnesses will be litigating* an almost identical claim in the Western District of Washington and thus, it will be more convenient for them to litigate in only one forum.

*Id*. [emphasis added].

1

In addition, the caption of the May 16, 2011 order omitted McNaul Ebel Nawrot & Helgren as the first named defendant incorrectly leaving the impression that in this action there were no other defendants beyond defendant Hagens Berman Sobol Shapiro.

**II      Background**

On December 21, 2009 the instant action was filed. (Docket 1)

On March 16, 2010 Judge Robreno entered an explicit order in which Judge Robreno: 1) denied defendants' motions to transfer to the Western District of Washington, 2) denied defendants' motions to dismiss, and 3) stayed this case until <u>after</u> final judgment is entered in a case pending in the United States District Court for the Western District of Washington.[1] (Docket 34, Exhibit C hereto).

**III     Argument**

The record is clear that a motion to correct is necessary to correct patent misstatements of fact set forth in Judge Robreno's May 16, 2011 transfer order. The patent misstatements of fact contained therein are not only "readily visible or intelligible: obvious," <u>Merriam-Webster's Collegiate Dictionary</u>, 849 (10th ed. 2001), but also each constitute "an error that is plain and indisputable, and that amounts to a complete disregard of . . . the credible evidence in the record." <u>Black's Law Dictionary</u> 563 (7th ed. 1999). Plaintiffs make this showing and seek to have Judge Robreno correct his order.

---

[1] Specifically, on March 16, 2010 this Court instructed "once a final judgment is entered in the case pending in the United States District Court for the Western District of Washington either party may request that this case be returned to the active docket of the Court. If and when the matter is returned to the active docket, the court will hold a status conference to determine how to proceed with this matter." Id

2

It is "readily visible or intelligible: obvious" that, as this action was filed on December 21, 2009, Judge Robreno did not, and could not have, as Judge Robreno incorrectly states in his May 16, 2011 transfer order, place *this case* in suspense on October 6, 2009 i.e., two months prior to when this case was filed.

Judge Robreno never stayed this case pending a jurisdictional determination in the Western District of Washington. Instead, Judge Robreno stayed this case until after final judgment is entered in the case pending in the United States District Court for the Western District of Washington. At the March 16, 2010 hearing on the motion to transfer this action to the Western District of Washington, Judge Robreno considered, but declined to rely on or defer to, the Western District of Washington's October 22, 2009 "jurisdictional determination" as evidenced by his statements during the hearing. Judge Robreno specifically stated that this action would be addressed only after a judgment in the Western District of Washington:

> Well, shouldn't we wait until that sorts itself out? If it's a default judgment, it is whatever it is. And then at that point we would turn our attention to this litigation. I'm just concerned that we're going to go on parallel track here –

(Exhibit D hereto, page 19, lines 7-11)

Shortly thereafter, Judge Robreno entered his March 16, 2010 order staying this case until after final judgment is entered in the case pending in the United States District Court for the Western District of Washington. (Docket 34, Exhibit C hereto). Judge Robreno did so with full knowledge, contemplation of, and despite, the Western District of Washington's October 22, 2009 "jurisdictional determination."

Also, Judge Robreno's May 16, 2011 transfer order facilitates consolidation for default and therefore, despite Judge Robreno's assertion, the "parties and witnesses will" not "be

3

litigating" any claim in the Western District of Washington. (Docket 41, page 6, footnote 6; Exhibit B hereto).

Finally, the caption of the May 16, 2011 order omitted McNaul Ebel Nawrot & Helgren as the first named defendant incorrectly leaving the impression that in this action there were no other defendants beyond defendant Hagens Berman Sobol Shapiro.

Based on the above, the patent misstatements contained in Judge Robreno's May 16, 2011 order constitute errors of fact that are "plain and indisputable, and that amount to a complete disregard of . . . the credible evidence in the record."

**IV. <u>Conclusion</u>**

Judge Robreno's May 16, 2011 transfer order is premised upon patent misstatements of fact. The result is that plaintiffs are left with an inability to request Judge Robreno to certify any issues for appeal.

At the same time, plaintiffs are also without redress as Judge Robreno's May 16, 2011 transfer order is an interlocutory order and one seeking to consolidate this action for default with the Western District of Washington action.

Aside from any other consideration, since the May 16, 2011 transfer order is simply incorrect on its face, considerations of judicial fairness militate in favor of the order's correction.

If Judge Robreno does not vacate his May 16, 2011 transfer order, Judge Robreno's order will, in part, form the basis and be attached to, the default judgment to be entered imminently against plaintiffs in the Western District of Washington action. As such, it should accurately reflect the record in this Court. However, as the order now stands, it contains patent misstatements, the effect of which, will only serve to mislead, including but not limited to, the public, sister district and appellate courts.

Plaintiffs respectfully request Judge Robreno to vacate/correct his May 16, 2011 transfer order to accurately reflect the following:

(1) Judge Robreno <u>never</u>, including on October 6, 2009, placed this action in suspense pending a jurisdictional determination in the Western District of Washington;

(2) Judge Robreno ordered this action placed in suspense on March 16, 2010 until <u>after</u> "a final judgment is entered in the case pending in the United States District Court for the Western District of Washington." (Docket 34, Exhibit C hereto).

(3) Judge Robreno's May 16, 2011 transfer order facilitates consolidation for default and therefore the "parties and witnesses will" <u>not</u> "be litigating" any claim in the Western District of Washington (Docket 41, page 6, footnote 6; Exhibit B hereto).

(4) The caption in this matter is proper with Defendant McNaul Ebel Nawrot & Helgren as the first named defendant.

Respectfully submitted:

 /s/ Nino V. Tinari
Nino V. Tinari
1528 Walnut Street
Suite 400
Philadelphia, PA 19102
215-790-4010
215-790-4002
PA BAR # 04296

5

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Eran Rubinstein | : |
| Susan Boltz Rubinstein | : |
| Plaintiffs | : Case No.: 09-cv-6065 |
| v. | : |
| McNaul Ebel Nawrot & Helgren PLLC | : |
| Hagens Berman Sobol Shapiro LLP | : |
| Defendants | : |

### **[PROPOSED] ORDER**

AND NOW, this    day of             , 2011, upon consideration of Plaintiffs' Motion To Vacate And Correct Patent Misstatements Of Fact Contained In This Court's May 16, 2011 Transfer Order, it is hereby ORDERED this     day of          , 2011, Plaintiffs' Motion is GRANTED and the May 16, 2011 Order transferring this case to the Western District of Washington is hereby VACATED. An appropriate order follows.


Dated:              , 2011


_____
Eduardo C. Robreno
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of plaintiffs' Motion To Vacate And Correct Patent Misstatements Of Fact Contained In This Court's May 16, 2011 Transfer Order was served on May 23, 2011, via ECF filing on all parties.

                                                    By:   /S/  Nino v. Tinari
                                                          NINO V. TINARI, ESQUIRE
                                                          Attorney for Plaintiffs
                                                          Attorney I.D. # 04296
                                                          (215) 790-4010
                                                          1528 Walnut Street, Fourth Floor
                                                          Philadelphia, PA 19102